IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE

**Yolanda Woods, as the Personal Representative
of the Estate of Alteria Woods,**

    **Plaintiff,**

v.                                           CASE NO.:

**Christopher Reeve, Pat White, and Rick Sarcinello,
in their individual capacities,**

    **Defendants.**

_____/

## COMPLAINT

COMES NOW, Plaintiff Yolanda Woods, as the Personal Representative of the Estate of Alteria Woods, through her attorneys, hereby sues Officers Christopher Reeve, Pat White, and Rick Sarcinello, in their individual capacities, and states as follows:

## INTRODUCTION

1. Alteria Woods was 21 years old, an inductee into the National Honor Society of High School Scholars, and a pharmacy technician who had aspirations of obtaining a degree and becoming a pharmacist.

2. On March 19, 2017, Alteria's life was tragically cut short when she was shot and killed by police officers serving a search warrant at the home her boyfriend shared with his father and grandmother.

3. Defendants fired indiscriminately into the home, hitting Alteria a total of ten times, including one round that entered her chest and went through her heart.

4. Alteria posed no threat to the officers and did nothing to deserve to die at their hands.

5. Plaintiff brings this litigation to hold Defendants responsible for their misconduct and to ensure that Alteria's death will not be forgotten or ignored.

## PARTIES

6. Plaintiff Yolanda Woods is the mother of Alteria Woods, who was killed by Defendants on March 19, 2017. Plaintiff is the lawful Personal Representative of the Estate of Alteria Woods.

7. Defendant Christopher Reeve was, during the relevant time, a law enforcement officer employed by the Indian River County Sheriff's Department. He acted within the scope of his employment and under color of law. He is sued in his individual capacity.

8. Defendant Pat White was, during the relevant time, a law enforcement officer employed by the Indian River County Sheriff's Department. He acted within the scope of his employment and under color of law. He is sued in his individual capacity.

9. Defendant Rick Sarcinello was, during the relevant time, a law enforcement officer employed by the Indian River Shores Police Department. He acted within the scope of his employment and under color of law. He is sued in his individual capacity.

## JURISDICTION AND VENUE

10. This action arises under Federal law, specifically the Civil Rights Act, Title 42 United States Code, Sections 1983 and 1988.

11. The jurisdiction of this Court is invoked under the provisions of Title 28 of the United States Code, Sections 1331 and 1343.

12. Venue is proper in the United States District Court for the Southern District of Florida, Fort Pierce Division under Title 28 of the United States Code, Section 1391(b)(2) as the events giving rise to this litigation occurred within this district.

## FACTUAL ALLEGATIONS

13. On March 19, 2017, Defendants were part of a team of law enforcement officers: Defendants Reeve and White were employed by the Indian River County Sheriff's Department and Defendant Sarcinello was employed by the Indian Shores Police Department. There were approximately 17 additional officers on this team at this time.

14. On or about March 18, 2017, upon information and belief, Defendant Reeve allegedly received information that an individual named Andrew Coffee III was in possession of .5 ounce/14 grams of cocaine at his residence.

15. The Coffee family was known to the members of the Indian River County Sheriff's Department. On or about December 18, 2015, Andrew Coffee Junior had been involved in an altercation with a member of the Indian River County Sheriff's Department and had shot a deputy. During a February 2017 traffic stop involving the Sheriff's Department and Andrew Coffee IV, the prior shooting was mentioned.

16. A team of 20 law enforcement officers arrived at Coffee III's home at approximately 0530 on March 19, 2017 to serve a search warrant that was obtained by Defendant Reeve. Present and part of the team that was to serve the search warrant were Deputy Hau – who had investigated the Coffee Junior shooting – and Deputy Dean – who had been part of the February 2017 traffic stop with Coffee IV.

17. Coffee III was arrested near the front door of the residence.

18. After Coffee III was arrested, Officer Robert Ryan deployed a "flash bang" device into the Coffee residence through the open front door of the residence.

19. Defendant White was standing near Officer Ryan when the first "flash bang" was deployed.

20. Defendants Reeve and Sarcinello were at a window near the door where Officer Ryan deployed the flash bang.

21. Defendants Reeve and Sarcinello broke the glass of the window and deployed another "flash bang" through the window and into the residence.

22. Upon information and belief, Defendant White gave Defendants Reeve and Sarcinello the order to break the window deploy the second "flash bang."

23. The "flash bang" deployed by Defendants Reeve and Sarcinello went into the room occupied by Andrew Coffee IV and Altiera Woods.

24. The use of the "flash bang" device was unreasonable and unnecessary. The target of the warrant was already apprehended and in custody.

25. Upon information and belief, Coffee IV did not know Defendants Reeve and Sarcinello were police officers and, instead, believed these Defendants were attempting to rob his home.

26. Andrew Coffee IV picked up a gun.

27. Shots were exchanged between Andrew Coffee IV and Defendant Reeve, who was armed with a handgun.

28. Defendant Sarcinello was armed with an assault rifle.

29. Defendant Sarcinello then began firing indiscriminately at the occupants of the residence.

30. Upon information and belief, Defendant Sarcinello intended to shoot Alteria Woods.

31. Alteria Woods was shot by Defendant Sarcinello 10 times. She posed no threat to anyone when she was shot.

32. Law enforcement officers Kelsey Zorc and Robert Ryan were positioned on the other side of the house of Defendant Sarcinello – each were hit by friendly fire shot by this Defendant.

33. Defendant Sarcinello only ceased firing due to a gun jam. Defendant White approached the window and fired rounds into the room.

34. The wounds to Alteria Woods were fatal and she died on the bed of her boyfriend Andrew Coffee IV.

35. The Florida Department of Law Enforcement is an investigative agency organized under Florida law that is, by statute, authorized to investigate the use of force by police officers so long as there is an agreement between the FDLE and the local law enforcement entity. These agreements allow for outside investigators to look into the use of force and provides for a higher degree of transparency and independence.

36. Rather than having the FDLE review the police-involved shooting of Alteria Woods, the Indian River County Sheriff's Department conducted the investigation of its own officers, thus ensuring that the shooting would be deemed justified by the authorities.

37. Sheriff Deryl Loar immediately began spreading false information about the shooting. He insisted that Coffee IV had used Alteria as a human shield, despite having no factual basis to make such a claim. Indeed, his own investigation determined Alteria was shot while she was on the bed and was nowhere near Coffee IV during the shooting.

38. The investigating officers made no inquiry into the necessity of the use of the "flash bang" devices after the target of the warrant was in custody.

39. The investigating officers did not question why two of the members of the team executing the search warrant had prior run-ins with the Coffee family.

40. The investigating officers did not interview Defendants Reeve, White, or Sarcinello until March 30, 2017 – 11 days after the shooting took place.

41. The internal investigation was eventually presented to a grand jury who, predictably, exonerated the officers based on the investigation conducted by their co-workers.

42. Upon information and belief, none of the Defendants who fired into the residence were subjected to any professional discipline – not even Defendant Sarcinello, who not only killed Alteria Woods but also shot two of his fellow officers.

43. Since Plaintiff and her family have been unable to get justice for Alteria Woods' death from either the Sheriff's Department or the prosecuting authorities, their only remedy is to bring this civil lawsuit in order to hold these law enforcement officers responsible for their misconduct.

## CLAIMS

### Count I
### 42 U.S.C. § 1983 – Fourth Amendment

44. Plaintiff incorporates all allegations of this complaint as though fully set forth herein.

45. Defendant Sarcinello shot and killed Alteria Woods.

46. At the time Defendant Sarcinello used deadly force against Alteria Woods, she was not armed and did not pose a threat to anyone.

47. The use of deadly force against Alteria Woods was not reasonable under the totality of the circumstances.

48. Defendants Reeve and White – in addition to firing their own weapons into the residence – did nothing to prevent Defendant Sarcinello's unreasonable use of force.

49. The use of deadly force against Alteria Woods – who was unarmed and no danger to anyone – violated her Fourth Amendment rights and resulted in her death.

Wherefore, Plaintiff Yolanda Woods, as Personal Representative of the Estate of Alteria Woods, prays for judgment in her favor and against all Defendants on this count and for an award of compensatory and punitive damages, attorneys' fees, costs, and any other relief that is just.

## Count II
## 42 U.S.C. § 1983 – Fourteenth Amendment

50. Plaintiff incorporates all allegations of this complaint as though fully set forth herein.

51. Defendant White ordered that two "flash bang" devices be deployed into the interior of the residence despite the target of the search warrant – Coffee III – already being in custody.

52. The deployment of these devices was unreasonable and unnecessary.

53. Defendants fired indiscriminately into the residence without due care and in a reckless, willful, and malicious manner and many bullets struck Alteria Woods.

54. The actions by Defendants shocks the conscience and served no legitimate law enforcement purpose.

55. This action violated Alteria Woods' Fourteenth Amendment rights and resulted in her death.

Wherefore, Plaintiff Yolanda Woods, as Personal Representative of the Estate of Alteria Woods, prays for judgment in her favor and against all Defendants on this count and for an award of compensatory and punitive damages, attorneys' fees, costs, and any other relief that is just.

### JURY DEMAND

Plaintiff demands a trial by jury for all counts alleged above.

DATED this 4th day of January, 2020.

*/s/Mary Sherris*
**Mary Sherris**
Florida Bar Number: 0138134
Sherris Legal, P.A.
121 South Orange Avenue, Suite 1270
Orlando, FL  32801
(407) 999-9955 Phone
(407) 999-9495 Fax
Primary E-mail:  service@sherrislegal.com
Secondary E-mail: msherris@sherrislegal.com
Attorney for Plaintiff