IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE

YOLANDA WOODS,
AS THE PERSONAL REPRESENTATIVE
OF THE ESTATE OF ALTERIA WOODS,

    Plaintiff,

vs.                                        CASE NO.: 2:21-cv-14001-JEM

CHRISTOPHER REEVE, PAT WHITE,
AND RICK SARCINELLO,
IN THEIR INDIVIDUAL CAPACITIES,

    Defendants.
_____/

## PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT MORE THAN TEN DEPOSITIONS

Plaintiff Yolanda Woods, as the Personal Representative of the estate of Alteria Woods, respectfully moves this Court for leave to conduct more than ten (10) depositions. In support, Plaintiff states:

1. Alteria Woods was the victim of a police-involved shooting, who shot and killed the unarmed Alteria during the unreasonable execution of a search warrant.

2. Defendants have identified 66 witnesses in their initial 26(a)(1) disclosures, including over two dozen officers who either directly participated in the execution of the search warrant, collected evidence from the scene, or were part of the subsequent criminal investigation. *See Defendants' Initial Disclosures and Witness List*.

3. The parties have scheduled the defendant officers Reeve, White, and Sarcinello for depositions.

4. In addition to those three depositions, Plaintiff Woods sent a request to depose the following individuals, all of whom were identified by Defendants as witnesses:

1

1) Sergeant Michael Pierce
2) Deputy Fletcher McClellan
3) Deputy Timothy Crooker
4) Deputy Eric Carlson
5) Sergeant William Luther
6) Detective Robert Ryan
7) Deputy Christian Mathisen
8) Lt. Jim Hyde
9) Deputy Kelsey Zorc
10) Deputy Richard Henson
11) Deputy Barry Garcia
12) Deputy Matthew Davis
13) Deputy James Dixon
14) Detective Greg Farless
15) Detective Shepherd
16) Detective Ismael Hau
17) Detective Aaron Scranton
18) Robert Newman
19) Christian Yanchula
20) Examiner Kelly Hare

5. Defendants refused to produce all of these witnesses, asserting that this number violates Rule 30's ten deposition limitation for each party. Fed.R.Civ.P. 30(a)(2)()(i) (each party is limited to ten depositions).

6. Counsel for Plaintiff Woods conferred with counsel for Leslie Lowry (case no. 21-14159), Vivian Scott (case no. 21-14157, and Andrew Coffee IV (case no. 21-14154) to split the depositions evenly. These four cases are consolidated for discovery purposes but remain distinct lawsuits. Divided evenly, the 23 depositions (three defendants and 20 other officers) do not cause any of the plaintiffs in the four named cases to exceed ten depositions.

7. Defendants still refused to schedule these depositions.

8. Defendants' refusal is not well-taken. Rule 30 limits each party in a particular lawsuit to ten depositions: it does not explicitly impose such limitations on cases that have been consolidated but remain separate litigation. While consolidation provides for judicial economy, there is no rule or principle that precludes a party in one lawsuit from scheduling its ten depositions simply because another party in a separate lawsuit has already scheduled ten depositions.

9. Even if that were the case, Plaintiff Woods – and by extension Plaintiff Lowry, Plaintiff Scott, and Plaintiff Coffee IV – have a demonstrated need to conduct the depositions of the witnesses identified by Defendants.

10. A party is presumptively limited to ten depositions but can exceed this limit with the consent of the opposing party or with leave of court. Fed. R. Civ. P. 30(a)(2)(A). A court may grant additional depositions only to the extent that it is consistent with Federal Rules of Civil Procedure 26(b)(1) and (2). *Id*. Under Rule 26(b)(1), a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The court, however, must limit discovery pursuant to Rule 26(b)(2) if it determines:

   i. the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

   ii. the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

   iii. the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C)(i-iii).

11. The party seeking leave to take additional depositions generally must have exhausted his or her ten depositions, justify the need for those ten depositions, *U.S. v. Gachette*, Case No. 6:14-cv-1539-Orl-22TBS, 2015 WL 524369, at *1 (M.D. Fla. Feb. 9, 2015) (citing authority), and must make a particularized showing why the extra depositions are necessary. *Tardif v. People for the Ethical Treatment of Animals*, Case No. 2:09-cv-537-FtM-29SPC, 2011 WL 2413630, at *1 (M.D. Fla. June 13, 2011) (citing *Baker Cnty Med. Servs., Inc. v. Summit Smith, L.L.C.*, Case No. 3:05-

cv-541-J-33HTS, 2007 WL 114000, at *1-2 (M.D. Fla. Jan 10, 2007)); *see also* United States v. Erilus, No. 617CV2061ORL41DCI, 2018 WL 11251685, at *1–2 (M.D. Fla. June 27, 2018).

12. Here, Plaintiff Woods has scheduled three depositions, Defendants Reeve, White, and Sarcinello. While this has not exceeded the ten, Plaintiff Woods has requested an additional 20 depositions of officers identified by Defendants as witnesses. Plaintiff Woods has also requested two depositions pursuant to Federal Rule of Civil Procedure 30(b)(6). Each of the witnesses requested by Plaintiff Woods has a particularized showing as to why they are necessary.

13. The following witnesses have been identified as members of the SWAT team and, as such, either observed the shooting itself or the immediate aftermath. There can be no real dispute that depositions of the eyewitnesses to the shooting are necessary.

- Sergeant Michael Pierce
- Deputy Fletcher McClellan
- Deputy Eric Carlson
- Sergeant William Luther
- Detective Robert Ryan (in addition, Ryan was assigned to the investigation and interviewed numerous witnesses to the incident)
- Deputy Christian Mathisen
- Lt. Jim Hyde
- Deputy Kelsey Zorc
- Richard Henson
- Deputy Barry Garcia
- Deputy Matthew Davis
- Deputy James Dixon

14. The following officers have been identified as being on the scene and having knowledge regarding their observations. Based on discovery produced so far, Crooker had an unobstructed view of the shooting and Detective Hau was involved in subsequent witness interviews.

- Deputy Timothy Crooker
- Detective Ismael Hau

15. In addition, the following were involved in the subsequent investigation of the shooting, including the interviewing of witnesses. It is necessary to depose these officers to discover the

relevant facts they possess regarding the post-shooting investigation and witness statements. Likewise, examiner Hare is necessary as she tested the firearm allegedly fired by Coffee IV for fingerprints.

- Detective Greg Farless
- Detective Jeremy Shepherd
- Detective Aaron Scranton
- Examiner Kelly Hare (involved with the identification of fingerprints on one of the firearms)

16. Finally, the following individuals were involved in the post-shooting scene investigation, including the documenting of the scene through photographs and the recovery of evidence. These depositions are necessary to discovery the specific location of each piece of evidence that was recovered and to lay foundation and provide explanation for the photographs of the scene.

- Robert Newman
- Christian Yanchula

17. Depositions of each of the identified witnesses above are necessary to get the full picture of the conduct of the officers and how the execution of this search warrant ended up with Alteria Woods being shot ten times by officers despite being unarmed and no threat to anyone.

18. Similarly, Plaintiff Woods has requested depositions pursuant to Federal Rule of Civil Procedure 30(b)(6) on the following topics:

- The individual(s) who can testify as to the official policies, practices, procedures, and rules for the Indian River County Sheriff's Office for investigations into officer involved shootings that involve deputies with the Indian River County Sheriff's Office
- The individual(s) who can testify as to the official policies, practices, procedures, and rules for the Indian River County Sheriff's Office for the execution of search warrants

19. It is Plaintiff Woods' position that the execution of the search warrant did not comply with proper police procedures and that the Indian River County Sheriff's Office should not have been involved in the investigation of a shooting involving its own deputies. These depositions are necessary in the event an expert in police procedures is retained.

WHEREFORE, Plaintiff Yolanda Woods respectfully requests that the Court enter an order:

- Holding that Plaintiff Woods, Plaintiff Lowry, Plaintiff Scott, and Plaintiff Coffee IV are each entitled to ten depositions pursuant to Federal Rule of Civil Procedure 30 as each are a party in a separate lawsuit, or

- Find that the foregoing depositions are necessary given that the information possessed by each witness is relevant and not cumulative and that Plaintiff Woods is granted leave to depose each of these witnesses.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 30th day of March, 2022, I electronically filed the foregoing Plaintiff's Motion for Leave to Conduct More Than Ten Depositions with the clerk of the court which will send notice of the filing to the following participants:

Adriana M. Jisa
Purdy, Jolly, Giuffreda, Barranco & Jisa P.A.
2455 East Sunrise Boulevard, Suite 1216
Fort Lauderdale, FL  33304
Email: adriana@purdylaw.com

Gail C. Bradford
Dean, Ringers, Morgan, and Lawton, P.A.
Post Office Box 2928
Orlando, FL 32802-2928
Email: gbradford@drml-law.com

Jeffrey A. Fadley, Esq.
Jeffrey A. Fadley, P.A.
180 NW 3rd Ave., Ste "A"
Okeechobee, Florida 34972
Email:  Jeffrey@fadleylaw.com

*/s/Mary Sherris*

| | |
|---|---|
| **Mary Sherris** | **Shawn W. Barnett** |
| Florida Bar Number: 0138134 | Pro Hac Vice |
| Sherris Legal, P.A. | Hale & Monico LLC |
| 121 South Orange Avenue, Suite 1270 | 53 W. Jackson Blvd. Ste. 337 |
| Orlando, FL  32801 | Chicago, IL 60604 |
| (407) 999-9955 Phone | (312) 870-6905 |
| E-mail: msherris@sherrislegal.com | Sbarnett@HaleMonico.com |