UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-14001-CIV-MARTINEZ/MAYNARD

**YOLANDA WOODS,**
as the Personal Representative of the Estate
of Alteria Woods, et al.,

      Plaintiffs,
**v.**

**CHRISTOPHER REEVE**, et al.,

      Defendants.
_____/

### ORDER ON DEFENDANTS CHRISTOPHER REEVE, PATRICK WHITE AND RICK SARCINELLO'S FIRST AMENDED JOINT MOTION FOR PROTECTIVE ORDER ("MOTION FOR PROTECTIVE ORDER") (DE 83)

**THIS CAUSE** is before me upon the above Motion for Protective Order. DE 83. The District Judge has referred this case to me for disposition of all pretrial discovery motions pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the U.S. District Court for the Southern District of Florida. DE 41. I have reviewed the Motion for Protective Order and the record in this case. Plaintiff Yolanda Woods ("Plaintiff") filed an untimely Response (DE 86).[1] For the reasons discussed below, the Motion for Protective Order (DE 83) is **GRANTED IN PART AND DENIED IN PART** as follows.

This action stems from the death of Alteria Woods following law enforcement's execution of a residential search warrant on March 19, 2017. DE 14 at ¶¶13-47. In particular, Plaintiff alleges that Defendant Sarcinello shot Alteria Woods—an unarmed civilian posing no risk—ten

---

[1] The Discovery Procedures Order (DE 52) governing this case requires, *inter alia*, that a response be filed within 5 days of receipt of a discovery motion. Here, the Motion was filed on March 17, 2022. Plaintiff did not respond until March 31, 2022, or 14 days following the Motion's filing. Although I address the Motion for Protective Order on the merits, counsel is cautioned to adhere to the directives in the Discovery Procedures Order moving forward.

times. DE 14 at ¶43; DE 78 at 8. Defendants Reeve and White fired at her but missed. DE 14 at ¶¶ 40, 46; DE 78 at 8. Plaintiff brings claims under 42 U.S.C. § 1983 and seeks compensatory and punitive damages. DE 14 at 8-18.

Defendants' Motion seeks an order precluding Plaintiff's discovery with respect to two interrogatories:

> 10. Please identify each and every firearm owned or possessed by you since January 2015 and include (1) the make/model of the firearm, (2) whether it was registered with the State of Florida, (3) whether you used this firearm while on duty as a law enforcement officer, and (4) whether you discharged this firearm at another human at any time and for any reason.
>
> 11. For punitive damages purposes, please estimate your net financial worth (1) at the time of the occurrence and (2) a supplemented answer no later than thirty days prior to the close of discovery. Please describe how that net worth has been calculated by providing a balance sheet of all assets greater than $2,500 USD (including a description of any ownership of stock, mutual funds, real estate, etc.) and including all liabilities. Please also provide an income statement for the five years prior to the filing of this complaint, including your annual salary and any income from any other source for those years.

DE 83 at 5; DE 83-1. Specifically, Defendants argue that the requested discovery is irrelevant, and Defendants would be significantly harmed by complying with the discovery request because the requests encroach on Defendants' privacy rights. DE 83. In the case of the financial worth discovery pursuant to Interrogatory No. 10, Defendants also argue that, even if relevant, the request is premature before qualified immunity is decided[2] as well as overbroad in seeking information for the years 2015 to 2020. *Id.* at 2-3 (citing *Lane v. Capital Acquisitions*, 242 F.R.D. 667, 670 (S.D. Fla. 2005) (quoting *Fieldturf Int'l v. Triexe Management Group, Inc.*, No. 03 C 3512, 2004 WL 866494, at *3 (N.D. Ill. Apr.16, 2004) ("Only current financial documents are relevant to a claim for punitive damages."))).

---

[2] Defendants' Joint Motion to Dismiss is pending. DE 66.

Plaintiff argues that she is entitled to the requested discovery, that the bar for relevancy is low, and that Defendants fail to show that they will suffer a specific harm. DE 86 at 1-2. As to gun ownership specifically, Plaintiff argues that it is common for officers to privately purchase their firearms and carry said firearms while on duty following notification to their department. *Id.* at 3. Plaintiff wants to know whether the officers are authorized to use firearms they possess while on duty and whether they have violated department policy by carrying firearms that are not authorized. *Id.* Therefore, Plaintiff contends that Interrogatory No. 10 is relevant. *Id.* As to Defendants' financial worth for purposes of punitive damages, Plaintiff argues that Defendants' net financial worth is relevant and discoverable for this purpose. *Id.* at 2 (citing *Wyndham Vacation Ownership, Inc. v. Gallagher*, No. 619CV476ORL31EJK, 2019 WL 13064789, at *2 (M.D. Fla. Nov. 22, 2019) (finding financial disclosure relevant to proving an alleged conspiracy and to Plaintiff's claim for punitive damages)).

Pursuant to Federal Rule of Civil Procedure 26(b):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1). Rule 26, however, also protects those from whom discovery is sought from "annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c)(1). The party moving for a protective order must show that "good cause" exists for the court to grant such an order. *Id.* In addition, the court must be satisfied that, on balance, the interests of the party moving for the protective order outweigh the interests of the non-moving party. *McCarthy v. Barnett Bank of Polk County*, 876 F.2d 89, 91 (11th Cir. 1989).

Here, I find that Plaintiff fails to establish the relevancy of Interrogatory No. 10 regarding firearm ownership and use. "[W]hen relevancy is not apparent, the burden is on the party seeking discovery to show the relevancy of the discovery request." *Drone Nerds Franchising, LLC v. Childress*, No. 19-CV-61153, 2021 WL 7543800, at *3 (S.D. Fla. Nov. 15, 2021) (internal quotation marks and citation omitted). Plaintiff broadly alleges that it is "common place" for police officers to use privately purchased firearms on duty but does not first ask the foundational question of whether this so-called "common place" practice was used in this case. In other words, instead of broadly inquiring about whether Defendants privately own any firearms, Plaintiff should first attempt to ascertain whether any privately owned firearms were used during the incident in question. If not, the inquiry ends there. If so, Plaintiff would then have a basis for inquiring into the make and model of any privately owned firearms that were used, and whether Defendant's use of such firearm comported with Department policy. I therefore find Interrogatory 10 to be overbroad and irrelevant except insofar as it asks whether the Defendants used any privately owned firearms during the incident in question. Should this question be answered affirmatively, Plaintiff may broaden her discovery request in relation to privately used firearms at that time.

With respect to Interrogatory No. 11 seeking Defendants' financial net worth, I find that such information is relevant to Plaintiff's punitive damages' claim; however, Plaintiff's request is overbroad and should be subject to a confidentiality order. Defendants contend that their pending Joint Motion to Dismiss (which argues qualified immunity) is a basis for the Court to grant a protective order. However, the authority cited by Defendants does not support this proposition. DE 83 at 3 (citing *Jeld-Wen, Inc. v. Nebula Glass Int'l Inc.*, No. 07-22326-CIV, 2008 WL 11333315, at *4 (S.D. Fla. Mar. 5, 2008)). In *Jeld-Wen, Inc.*, Plaintiff brought a claim for disgorgement of royalties, and the Court granted a protective order because "information regarding

royalties paid" could be obtained from another party's financial disclosure making the disclosures sought by Plaintiff redundant. *Id.* Thus, *Jen-Wen, Inc.* is inapposite to the issue at hand. In addition, the presiding District Judge in this case has set a discovery cut-off date of June 30, 2022. DE 62. As a result, all discovery, including discovery pertaining to damages, must be completed by that date regardless of any other pending motions.

In a claim brought under 42 U.S.C. §1983, "'evidence of a tortfeasor's wealth is traditionally admissible as a measure of the amount of punitive damages that should be awarded.'" *Graham v. Carino*, No. CIV.09-4501 JEI/AMD, 2010 WL 2483294, at *3 (D.N.J. June 4, 2010) (quoting *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 20 (1981)). Thus, "discovery of current net worth is relevant to Plaintiff's claim for punitive damages." *Stern v. O'Quinn*, No. 07-60534-CIV, 2008 WL 11401795, at *4 (S.D. Fla. Oct. 24, 2008); *Lane v. Capital Acquisitions*, 242 F.R.D., 667, 669 (S.D. Fla. 2005). Due to the highly private nature of financial information, however, any information disclosed must be subject to a protective order. Therefore, Defendants shall designate the financial information that they disclose in response to Interrogatory No. 11 as "Confidential Information – Attorneys' Eyes Only," and the information shall be disclosed solely to Plaintiff's counsel unless the parties otherwise agree. In addition, Interrogatory No. 11 seeks more information than is warranted. For example, it requests an estimate of Defendant's financial worth at the time of the incident in 2017 and a supplemented answer (presumably containing updated, current information) thirty days before discovery ends. It also seeks an income statement for five years before the filing of the complaint. I find these requests to be overbroad. Therefore, Defendants shall disclose their current financial worth and income for 2021 and year to date.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Motion for Protective Order (DE 83) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. The Motion for Protective Order is **GRANTED** as to Interrogatory No. 10, except Defendants must disclose whether any privately owned firearms were used by them during the incident in question;

2. The Motion for Protective Order is **DENIED** as to Interrogatory No. 11. Defendants must disclose information regarding their current net financial worth **by May 16, 2022**. Further, Defendants' income statement shall be provided for 2021 and 2022 year-to-date only and shall report income from all sources by identifying the sources and the amounts attributable to those sources. Defendants shall not be required to supplement the answer unless necessary due to a significant change in the information provided;

3. The information provided in response to Interrogatory No. 11 shall be designated as "Confidential Information – Attorneys' Eyes Only." Plaintiffs shall use the information solely for purposes of the instant litigation. The information may only be disclosed to Plaintiffs' counsel and to such other persons as counsel for Defendants agrees in advance or as Ordered by the Court. Plaintiffs' counsel shall return the information provided in response to Interrogatory No. 11 pursuant to this Order within thirty days following termination of this proceeding. The parties may otherwise jointly stipulate to the confidential designation and treatment of the information provided in response to Interrogatory No. 11 pursuant to a confidentiality agreement or stipulated protective order.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 20th day of April, 2022.

_____
SHANIEK M. MAYNARD
U.S. MAGISTRATE JUDGE