IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

Yolanda Woods, as the Personal Representative
of the Estate of Alteria Woods,

      Plaintiff,

v.                                                                         CASE NO. 2:21-cv-14001-JEM

Christopher Reeve, Pat White, and Rick Sarcinello,
in their individual capacities,

      Defendants.
_____/

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER
ON MOTIONS FOR SUMMARY JUDGMENT [ECF No. 245]**

      Plaintiff Yolanda Woods, as the Personal Representative of the Estate of Alteria Woods, by and through her undersigned counsel, hereby moves pursuant to Fed.R.Civ.P. 59(e) and 60(b) for reconsideration of the Order on Motions for Summary Judgment. ECF No. 245.  Because this court committed manifest errors of fact and law in granting Defendants' motion for summary judgment on Counts I, IV, and V of Plaintiff's Second Amended Complaint [ECF No. 159], the court must alter or amend the judgment and set the case for trial.

**MEMORANDUM OF LAW**

      "A motion for reconsideration made after final judgment falls within the ambit of either Rule 59(e) motion to alter or amend a judgment, or Rule 60(b) motion for relief from judgment or order." *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 n.5 (11th Cir. 1993).  In either context, courts have recognized three grounds justifying reconsideration: (1) an intervening change in the controlling law; (2) the discovery of new evidence that was not available when the original motion was decided; or (3) the need to correct clear error or prevent manifest injustice. *Fla. College of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F.

1

Supp. 1306, 1308 (M.D. Fla. 1998). A manifest injustice refers to a manifest error of fact or law. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007); *see also Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (manifest error of fact or law occurs when the court finds that there is a need to alter or amend the judgment to prevent injustice); *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)) (same).

A manifest injustice occurs where the court has patently misunderstood a party. *Campero USA Corp. v. ADS Foodservice*, LLC, 916 F. Supp. 2d 1284, 1292–93 (S.D. Fla. 2012). For instance, a district court should grant reconsideration "if it overlooked a relevant factor that deserves significant weight." *Cheney v. Cyberguard Corp.*, No. 98-6879-CIV, 2001 WL 1916564, at *1 (S.D. Fla. 2001). A district court should also reverse itself if it misapplied the applicable law. *Porto Venezia Condo Ass'n, Inc. v. WB Ft. Lauderdale, LLC*, 926 F. Supp 2d 1330, 1332 (S.D. Fla. 2013).

In the case at bar, certain material facts have been ignored or misunderstood by the court, and the court has misapplied the applicable law, thereby resulting in manifest errors of fact and law which require the court to alter or amend the judgment.

**I.     The Court committed manifest errors of fact and law in granting Defendants' motion for summary judgment on Count I - Fourth Amendment Claim against Sarcinello.**

   a.  <u>The Court erred when it held Defendant Officers were firing at the threat when they shot and killed Alteria Wood.</u>

The Court misunderstood Plaintiff's position when it held that Alteria Woods was not seized when it found that the ten shots that struck her were accidental and not intentional. It is well-established that deadly force may only be used against the threat facing the officer: "A police officer may not seize an unarmed, nondangerous suspect by shooting him dead." *Morton v. Kirkwood*, 707 F.3d 1276, 1283 (11th Cir. 2013). Plaintiff has always maintained that Alteria

Woods was not a threat – a position Defendants do not argue against – and that the use of deadly force *against Alteria* was not reasonable – a position Defendants do not argue against.

Instead, Defendants argue, and the Court adopted, facts that were in the light most favorable to them. This is contrary to the summary judgment standard, which requires courts to interpret all facts and reasonable inferences in the light most favorable to the non-moving party. *Morton*, 707 F.3d at 1280. Specifically, this Court held that the shooting of Alteria was "accidental" as Defendant Officers were directing their fire at the "muzzle flash" or the threat.

There exists a material factual dispute over whether or not Defendant Officers were directing their fire at the threat. Andrew Coffee denies being remotely close to Alteria at the time he fired, thereby putting the "muzzle flash" in a wholly different location of the bedroom. *See Plaintiff's Memorandum in Response to Defendant Sarcinello Summary Judgment* (*Docket No. 189*) at pg. 3. Forensic trajectory analysis backs up Coffee's testimony. *Id.* In other words, there exists a material fact over whether Defendant Officers actually fired at the threat, thus requiring denial of Defendant's summary judgment motions. *Strickland v. Norfolk S. Ry. Co.*, 692 F.3d 1151, 1154 (11th Cir. 2012). By assuming that Defendant Officers were firing at the threat, the Court misinterpreted Plaintiff's argument and should grant her motion to reconsider.

Furthermore, there is a question of fact over whether Defendant Sarcinello and Reeve intentionally fired at Alteria. As discussed, Defendant Sarcinello never fired at Coffee while Reeve only directed two of his four shots at the threat – the remainder of the shots were intentionally fired in the direction of Alteria Woods. The Court held that meant that Alteria was merely an accidental bystander and relies on *Corbitt v. Vickers*, 929 F.3d 1304 (11th Cir. 2019). However, the Court misapplied the law when so holding. In *Corbitt*, it was undisputed that the defendant officer was aiming at the threat – a dog – and not at the one who was shot – an unarmed child. 929 F.3d at

3

1308. Here, however, there is a dispute over whether the Defendant Officers were targeting the threat, Andrew Coffee. By directing their fire towards the northeast corner of the room and not the center (which is where the threat existed), Defendant Officers' conduct falls outside of *Corbitt* as they intentionally directed their fire at something other than the threat. While they may not have known the *identity* of Alteria Woods, they knew they were firing at someone and that someone was not the threat. At a minimum, there exists a factual dispute over this issue and the Court should grant Plaintiff's motion to reconsider.

### b. Plaintiff's Fourth Amendment rights were clearly established when she was shot and killed despite being no threat.

Since at least 1985, it has been clearly established that "[a] police officer may not seize an unarmed, non-dangerous suspect by shooting him [or her] dead." *Morton*, 707 F.3d at 1293. The Eleventh Circuit has also made it clear that under the Fourth Amendment, an officer may use deadly force when the officer "has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others," or "that he has committed a crime involving the infliction or threatened infliction of serious physical harm." *McCullough v. Antolini*, 559 F.3d 1201, 1206 (11th Cir. 2009); *Vaughan v. Cox*, 343 F.3d 1323, 1329-30 (11th Cir. 2003).

It cannot be reasonably disputed that Alteria posed no threat to Sarcinello. Nowhere in Sarcinello's motion does he argue that deadly force was reasonable *against Alteria*. And even though the central theme of Plaintiff's response was that deadly force could not be used *against Alteria* (*see generally* ECF No. 189), the Court did not even address that vital issue. Because the Court failed to address that vital issue, Plaintiff has been "patently misunderstood" *Campero,* 916 F. Supp. 2d 1292, or at the very least, the court "overlooked a relevant factor that deserves significant weight." *Cheney*, 2001 WL 1916564 at *1. On March 19, 2017, Plaintiff's right to be free from excessive force was clearly established and Sarcinello violated that right.

> **II.** **The Court committed manifest errors of fact and law in granting Defendants' motion for summary judgment on Count IV-Fourteenth Amendment claim against Sarcinello and Count V-Fourteenth Amendment claim against Reeve.**

It is undisputed that Sarcinello fired six shots at Alteria that did not strike her. ECF No. 151, No. 55; ECF No. 188, No. 60. It is also undisputed that Reeve fired two shots at Alteria that did not strike her. ECF No. 190, No.'s 64-65. Plaintiff argues those missed gunshots are to be analyzed under the Fourteenth Amendment, not the Fourth Amendment. ECF No. 189, pp. 13-16; ECF No. 191, pp. 10-19. In support, Plaintiff cited to two Eleventh Circuit cases, *Carr v. Tatangelo* and *Hammett v. Paulding County. Id*. Specifically, in *Carr v. Tatangelo*, 338 F.3d 1259, 1270-71 (11th Cirr. 2003), the Court held that "a non-seizure Fourteenth Amendment substantive due process claim of excessive force survives *Graham*." *See also Hammett v. Paulding County*, 875 F.3d 1036, 1053 (11th Cir. 2017) (same). In other words, gunshots that strike an individual, are a seizure and must be analyzed under the Fourth Amendment pursuant to *Graham v. Connor*, 490 U.S. 386, 394 (1989). While gunshots that do not strike an individual, are not a Fourth Amendment seizure, and must be analyzed under the due process clause of the Fourteenth Amendment.

This Court did not address the holdings in *Carr* and *Hammett*, both binding Eleventh Circuit precedent. Instead, the Court simply ruled that Plaintiff's claims must be analyzed under the Fourth Amendment, not the Fourteenth. ECF No. 245, p. 18. In doing so, the court "misapplied the applicable law," thereby creating manifest error of law. *Porto Venezia* at 1332. Then, the Court did not analyze whether Sarcinello and Reeve's conduct in this particular case rose to a level that "shocks the conscience" in violation of the Fourteenth Amendment. In failing to do so, the Court committed manifest error of fact and law in ruling upon Counts IV and V. On March 19, 2017, Sarcinello and Reeve violated Plaintiff's Fourteenth Amendment rights and those rights were clearly established.

5

## CONCLUSION

The record here, taken in the light most favorable to Plaintiff, does not establish that Defendants are entitled to qualified immunity. Because this Court committed manifest errors of fact and law in granting Defendants' motions for summary judgment on Counts I, IV, and V of Plaintiff's Second Amended Complaint [ECF No. 159], the Court must alter or amend the judgment and set the case for trial.

### Certification of Local Rule 7.1 Pre-Filing Conference

Pursuant to Local Rule 7.1, Plaintiff's Counsel certifies they have conferred with Defense Counsel Gail Bradford (counsel for Defendant Sarcinello) and Adriana Jisa (counsel for Defendants White and Reeve) in a good faith effort to resolve the issues raised in this motion and has been unable to do so.

Respectfully submitted,

*/s/ Mary Sherris*
Mary Sherris
Florida Bar Number: 0138134
Sherris Legal, P.A.
121 South Orange Avenue, Suite 1270
Orlando, FL  32801
(407) 999-9955 Phone
E-mail: msherris@sherrislegal.com

Jason Marx
Pro Hac Vice
Hale & Monico LLC
53 W. Jackson Blvd. Ste. 334
Chicago, IL 60604
(312) 870-6912
jmarx@halemonico.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 12, 2023, I electronically filed the foregoing document with the clerk of the court using the CM/ECF system, which will send notice of the filing to the following CM/ECF participants:

Adriana M. Jisa
Purdy, Jolly, Giuffreda, Barranco & Jisa P.A.
2455 East Sunrise Boulevard, Suite 1216
Fort Lauderdale, FL  33304
Email: adriana@purdylaw.com

Gail C. Bradford
Dean, Ringers, Morgan, and Lawton, P.A.
Post Office Box 2928
Orlando, FL 32802-2928
Email: gbradford@drml-law.com

Jeffrey A. Fadley, Esq.
Jeffrey A. Fadley, P.A.
180 NW 3rd Ave., Ste "A"
Okeechobee, Florida 34972
Email:  Jeffrey@fadleylaw.com


*/s/ Mary Sherris*

| | |
|---|---|
| Mary Sherris | Jason Marx |
| Florida Bar Number: 0138134 | Pro Hac Vice |
| Sherris Legal, P.A. | Hale & Monico LLC |
| 121 South Orange Avenue, Suite 1270 | 53 W. Jackson Blvd. Ste. 334 |
| Orlando, FL  32801 | Chicago, IL 60604 |
| (407) 999-9955 Phone | (312) 870-6912 |
| E-mail: msherris@sherrislegal.com | jmarx@halemonico.com |