IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

Yolanda Woods, as the Personal Representative
of the Estate of Alteria Woods,

       Plaintiff,

v.                                                        CASE NO. 2:21-cv-14001-JEM

Christopher Reeve, Pat White, and Rick Sarcinello,
in their individual capacities,

       Defendants.

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS REEVE AND WHITE'S BILL OF COSTS**

       Plaintiff Yolanda Woods, as the Personal Representative of the Estate of Alteria Woods, by and through her undersigned counsel, files this Response in Opposition to Defendants Reeve and White's Bill of Costs (ECF 247), and states:

**INTRODUCTION**

       This case arises from the tragic shooting death of Alteria Woods by Defendant Officers on March 19, 2017.  Alteria's mother, Yolanda Woods, filed this suit against the Defendant Officers alleging violations of her daughters' Fourth and Fourteenth Amendment rights.  On May 16, 2023, this Court granted Defendants' Motion for Summary Judgment and entered judgment in their favor (ECF 245, 246).  On June 12, 2023, Defendants Reeve and White filed their Bill of Costs and supporting documentation (ECF 247, 247-1, 247-2).  As argued below, this Court must exercise its considerable discretion and deny Defendants' Bill of Costs, or alternatively, defer ruling on the issue of costs pending resolution of Plaintiff's Motion to Reconsider (ECF 248) and possible appeal.

1

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d) (1). "Under Rule 54(d), there is a strong presumption that the prevailing party will be awarded costs." *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007) (citing *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001)). "To overcome the presumption and deny full costs under Rule 54(d), the trial judge must 'have and state a sound reason for doing so.' " *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1166 (11th Cir. 2017) (quoting *Chapman v. AI Transport*, 229 F.3d 1012, 1039 (11th Cir. 2000).

The Eleventh Circuit has held that "a non-prevailing party's financial status is a factor that a district court may, but need not, consider in its award of costs pursuant to Rule 54(d)." *Chapman* at 1039. "If a district court in determining the amount of costs to award chooses to consider the non-prevailing party's financial status, it should require substantial documentation of a true inability to pay." *Id.* (citations omitted).

First, it is undisputed who the "non-prevailing party" is in this matter. The non-prevailing party is "Yolanda Woods, as the Personal Representative of the Estate of Alteria Woods" and not, Yolanda Woods, in her personal capacity. Therefore, if costs are to be ordered, they must be ordered against the Estate, and not Yolanda Woods personally. Defendants make no argument otherwise. *See Banuchi v. City of Homestead,* No. 20-25133-CIV, 2023 WL 2587389 at *3, (S.D. Fla. Feb. 7, 2023) ([D]efendants have not sought costs against Plaintiff personally, nor could they because "the costs must be levied against the Estate.") *citing Prieto v. Total Renal Care, Inc.*, No. 18-21085-CIV, 2022 WL 464908, at *4 (S.D. Fla. Jan. 10, 2022), report and recommendation

2

adopted, No. 18-21085-CIV, 2022 WL 464274 (S.D. Fla. Feb. 15, 2022) (stating the fee and costs judgment could not be entered against the Estate's personal representative in her individual capacity, only in her representative capacity).

Second, the Estate is unable to pay the $1,992.92 in costs requested by Defendants. ECF 247.[1] The Estate has no assets. *See attached Exhibit A*, *Probate Court documents*. The only asset listed by the Estate is "potential proceeds from personal injury suit" and the value is "tbd." *Id*. at p. 2. Alteria was only 21 years old at the time of her death, and she did not own any real estate and had no personal property. *Id*. While it is true that Plaintiff has filed a Motion to Reconsider (ECF 248) and is likely to file an appeal should that motion be denied, this Court should not grant costs based on the speculation that the financial status of the Estate will change in the future. At most, the Estate should only be responsible for that portion of the costs that are commensurate with the Estates' current financial ability to pay.[2]

Third, the Defendants Officers' conduct in this case resulted in the tragic death of Alteria, this litigation was brought by Alteria's mother in good faith, and after six and a half years without her daughter, she has suffered enough. To seek and order costs against the Estate of a young woman who was killed by Defendants despite her committing no crime, despite her posing no threat of harm, is unjust. Plaintiff is hopeful that considerations of equity and justice play a factor when this Court decides what, if any, costs to award Defendants in this matter.

Alternatively, this Court should defer ruling on Defendants' Bill of Costs during the pendency of the motion to reconsider and potential appeal. If Plaintiff prevails on her motion to reconsider or on appeal and a jury trial is ordered, any cost ruling will be a nullity and will have

---

[1] Defendant Sarcinello has filed a Bill of Costs seeking $3595.81. ECF 252. Plaintiff will address Sarcinello's request in a separate Response.
[2] Plaintiff argues that amount is $0.

resulted in an unnecessary expenditure of judicial labor. Deferring ruling will avoid having to relitigate this matter if Plaintiff is successful on her motion or her appeal. In other words, deferring ruling is in the interest of judicial economy.

"The decision whether to defer ruling on the issue of costs pending appeal is a matter within the Court's discretion." *Doe v. Rollins Coll.*, No. 6:18-CV-1069-RBD-LRH, 2021 WL 3230424, at *3 (M.D. Fla. July 13, 2021), report and recommendation adopted, No. 6:18-CV-1069-RBD-LRH, 2021 WL 3209564 (M.D. Fla. July 29, 2021); *see also* Fed. R. Civ. P. 54, Advisory Committee Notes (1993 Amendments) ("If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved. A notice of appeal does not extend the time for filing a fee claim based on the initial judgment, but the court under subdivision (d)(2)(B) may effectively extend the period by permitting claims to be filed after resolution of the appeal.").

## **CONCLUSION**

For the reasons stated above, this Court must exercise its considerable discretion and deny Defendants' Bill of Costs, or alternatively, defer ruling on the issue of costs pending resolution of Plaintiff's Motion to Reconsider (ECF 248) and possible appeal.

Respectfully submitted,

*/s/ Mary Sherris*
Mary Sherris
Florida Bar Number: 0138134
Sherris Legal, P.A.
121 South Orange Avenue, Suite 1270
Orlando, FL 32801
(407) 999-9955 Phone
E-mail: msherris@sherrislegal.com

Jason Marx
Pro Hac Vice
Hale & Monico LLC
53 W. Jackson Blvd. Ste. 334
Chicago, IL 60604
(312) 870-6912
jmarx@halemonico.com

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on June 26, 2023, I electronically filed the foregoing document with the clerk of the court using the CM/ECF system, which will send notice of the filing to the following CM/ECF participants:

Adriana M. Jisa
Purdy, Jolly, Giuffreda, Barranco & Jisa P.A.
2455 East Sunrise Boulevard, Suite 1216
Fort Lauderdale, FL  33304
Email: adriana@purdylaw.com

Gail C. Bradford
Dean, Ringers, Morgan, and Lawton, P.A.
Post Office Box 2928
Orlando, FL 32802-2928
Email: gbradford@drml-law.com

Jeffrey A. Fadley, Esq.
Jeffrey A. Fadley, P.A.
180 NW 3rd Ave., Ste "A"
Okeechobee, Florida 34972
Email:  Jeffrey@fadleylaw.com

*/s/ Mary Sherris*

| | |
|---|---|
| Mary Sherris | Jason Marx |
| Florida Bar Number: 0138134 | Pro Hac Vice |
| Sherris Legal, P.A. | Hale & Monico LLC |
| 121 South Orange Avenue, Suite 1270 | 53 W. Jackson Blvd. Ste. 334 |
| Orlando, FL  32801 | Chicago, IL 60604 |
| (407) 999-9955 Phone | (312) 870-6912 |
| E-mail: msherris@sherrislegal.com | jmarx@halemonico.com |