UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

**Case Number: 21-14001-CIV-MARTINEZ**

YOLANDA WOODS, as Personal
Representative of the Estate of
Alteria Woods,

    Plaintiff,

v.

CHRISTOPHER REEVE, PAT
WHITE, AND RICK SARCINELLO,
in their individual capacities,

    Defendants.
_____/

## **ORDER DENYING MOTION FOR RECONSIDERATION**

**THIS MATTER** comes before the Court upon Plaintiff's Motion for Reconsideration of Order on Motions for Summary Judgment (the "Motion"), (ECF No. 248). Having reviewed Plaintiff's Motion, Defendants Christopher Reeves and Rick Sarcinello's Responses, (ECF Nos. 253, 254), and the pertinent portions of the record, the Court **DENIES** the Motion.

In the Motion for Reconsideration, Plaintiff seeks reconsideration of this Court's Order on Motions for Summary Judgment (the "Court's Order"), (ECF No. 245). Plaintiff asserts that this Court ignored or misunderstood material facts and misapplied the applicable law. "Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1343 (S.D. Fla. 2007) (internal quotation marks and citation omitted); *see Williams v. QuikTrip Corp.*, 817 Fed. Appx. 743, 747 (11th Cir. 2020) ("The only grounds for granting a motion for reconsideration are newly-discovered evidence or manifest errors of law or fact." (alterations omitted)). The

reconsideration decision is granted only in extraordinary circumstances and is "committed to the sound discretion of the district judge." *Tristar Lodging, Inc. v. Arch Specialty Ins. Co.*, 434 F. Supp. 2d 1286, 1301 (M.D. Fla. 2006) (quoting *Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238–39 (11th Cir. 1985)) (internal quotations omitted).

Plaintiff fails to meet the legal standard for reconsideration. The Motion for Reconsideration does not demonstrate a change in the law or clear error and does not present newly discovered evidence that would justify a reconsideration. Moreover, parties "cannot use a . . . motion [for reconsideration] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington*, 408 F/3d 757, 763 (11th Cir. 2005); *Oscar v. United States*, no. 18-21368-Civ, 2018 WL 3946475, at *1 (S.D. Fla. Aug. 16, 2018).

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Reconsideration, (ECF No. 248), is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 6th day of March 2025.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record